1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

WALTER HERNANDEZ,

               Plaintiff,

    v.

WASHOE COUNTY, a political subdivision
of the State of Nevada; and OFFICER
MEISTER, an individual,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

3:06-cv-00285-BES-VPC
3:07-cv-00146-BES-VPC

**ORDER**

Currently before this Court is a Motion for Summary Judgment (#36) filed by Defendant, Officer Greg Meister ("Officer Meister"). Plaintiff filed an Opposition (#37) and Officer Meister filed a Reply (#38).

## I. BACKGROUND

Plaintiff Walter Hernandez initiated this action by filing a Complaint in Case No. 3:06-cv-00285-BES-VPC against Officer Meister, a Reno Police Officer, on May 19, 2006. Thereafter, Plaintiff initiated an action against Washoe County in Case. No. 3:07-cv-00146-BES-VPC on March 27, 2007 and both actions were consolidated.[1] In both cases, Plaintiff asserts civil rights violations pursuant to 42 U.S.C. § 1983. In his Complaint against Officer Meister, Plaintiff alleges that Meister violated Plaintiff's First Amendment right of free speech and Fourth Amended right to be free from unreasonable seizure and arrest when Meister arrested Plaintiff for compounding a crime under NRS 199.220. Plaintiff also alleges that Officer

---

[1] All claims against Washoe County have been dismissed pursuant to an Order (#39) filed on January 20, 2009.

Meister caused the malicious prosecution of Plaintiff without probable cause by pursuing the

charge for compounding a crime.[2]  The essence of Plaintiff's complaint is that Officer Meister

lacked probable cause to arrest him.

Officer Meister now seeks summary judgment dismissal of all claims against him,

asserting that he is entitled to qualified immunity because he was acting pursuant to the advice

of legal counsel in making his arrest of Plaintiff.

## II.  ANALYSIS

### A.    Legal Standard for Summary Judgment

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers

to interrogatories, and admissions on file, together with the affidavits, if any, show that there

is no genuine issue as to any material fact and that the moving party is entitled to judgment

as a matter of law."  FED. R. CIV. P. 56(c).  The burden of demonstrating the absence of a

genuine issue of material fact lies with the moving party, and for this purpose, the material

lodged by the moving party must be viewed in the light most favorable to the nonmoving party.

Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); Martinez v. City of Los Angeles, 141

F.3d 1373, 1378 (9th Cir. 1998).  A material issue of fact is one that affects the outcome of the

litigation and requires a trial to resolve the differing versions of the truth.  Lynn v. Sheet Metal

Workers Int'l Ass'n, 804 F.2d 1472, 1483 (9th Cir. 1986); S.E.C. v. Seaboard Corp., 677 F.2d

1301, 1306 (9th Cir. 1982).

If the moving party presents evidence that would call for judgment as a matter of law

at trial if left uncontroverted, then the respondent must show by specific facts the existence

of a genuine issue for trial.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).

"[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party

for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not

significantly probative, summary judgment may be granted."  Id. at 249-50 (citations omitted).

"A mere scintilla of evidence will not do, for a jury is permitted to draw only those inferences

[2]  Plaintiff's malicious prosecution claim was recently dismissed by this Court as time-barred.
(See Order (#39)).

1   of which the evidence is reasonably susceptible; it may not resort to speculation."  British
2   Airways Board v. Boeing Co._, 585 F.2d 946, 952 (9th Cir. 1978); see also Daubert v. Merrell
3   Dow Pharmaceuticals, Inc., 509 U.S. 579, 596 (1993) ("[I]n the event the trial court concludes
4   that the scintilla of evidence presented supporting a position is insufficient to allow a
5   reasonable juror to conclude that the position more likely than not is true, the court remains
6   free . . . to grant summary judgment.").  Moreover, "[i]f the factual context makes the non-
7   moving party's claim of a disputed fact implausible, then that party must come forward with
8   more persuasive evidence than otherwise would be necessary to show there is a genuine
9   issue for trial." Blue Ridge Insurance Co. v. Stanewich, 142 F.3d 1145, 1149 (9th Cir. 1998)
10  (citing Cal. Architectural Bldg. Products, Inc. v. Franciscan Ceramics, Inc., 818 F.2d 1466,
11  1468 (9th Cir. 1987)).  Conclusory allegations that are unsupported by factual data cannot
12  defeat a motion for summary judgment.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

13  **B.      Officer Meister's Individual Liability Under 42 U.S.C. § 1983**

14         A plaintiff may bring suit under 42 U.S.C. § 1983 against a government official who
15  "acts under color of state law to deprive that person of constitutional rights."  See Morley v.
16  Walker, 175 F.3d 756, 759 (9th Cir. 1999).  Plaintiff brings two § 1983 claims against Officer
17  Meister, alleging that his First and Fourth Amendment rights were violated when Meister
18  arrested Plaintiff for compounding a crime in accordance with NRS 199.220.  Officer Meister
19  maintains that he did not violate Plaintiff's constitutional rights.  However, even if Plaintiff can
20  establish a constitutional violation, Miester argues that he is entitled to qualified immunity from
21  Plaintiff's § 1983 claims.

22         When a constitutional violation occurs, "law enforcement officers nonetheless are
23  entitled to qualified immunity if they act reasonably under the circumstances."  See KRL v.
24  Estate of Moore, 512 F.3d 1184, 1189 (9th Cir. 2008) (citing Wilson v. Layve, 526 U.S. 603,
25  614 (1999)).  The United States Supreme Court outlined a two-step qualified immunity analysis
26  in Saucier v. Katz, 533 U.S. 194 (2001), which requires district courts to first determine
27  whether the officer's conduct violated a constitutional right.  Saucier, 533 U.S. at 201.  If no
28  constitutional right was violated, the court need not inquire further.  Id.  If a constitutional

1   violation has occurred, the court's second inquiry under Saucier is to ask whether the law was

2   "clearly established" at the time of defendant's alleged misconduct.  Id.  If the court determines

3   that the law was clearly established at the time of the violation, the final inquiry is whether the

4   officer could nevertheless have reasonably, but mistakenly, believed that his or her conduct

5   was lawful.  See Sloman v. Tadlock, 21 F.3d 1462, 1467 (9th Cir. 1995)).   In making this

6   determination, the court must examine the "information possessed by the officer to determine

7   whether a reasonable officer in a particular factual situation should have been on notice that

8   his or her conduct was illegal." Inouye v. Kemna, 504 F.3d 705, 712 (9th Cir. 2007).   The

9   Supreme Court recently reconsidered the two-step procedure outlined in Saucier and

10   concluded that the sequence set forth therein should no longer be regarded as mandatory in

11   all cases.  Pearson v. Callahan, No. 07-751, 2009 WL 128768, at *9 (U.S. Jan. 21, 2009).

12   Following Pearson, district courts are now "permitted to exercise their sound discretion in

13   deciding which of the two prongs of the qualified immunity analysis should be addressed first

14   in light of the circumstances in the particular case at hand."  Id.  Accordingly, district courts

15   may now choose to avoid the constitutional question altogether and dismiss a case based on

16   qualified immunity where the right was not clearly established at the time of the alleged

17   misconduct.

18       In this case, the Court is able approach the qualified immunity inquiry without reaching

19   the constitutional questions.  The Court finds that Officer Meister is entitled to qualified

20   immunity because his arrest of Plaintiff did not violate clearly established rights of which a

21   reasonable person would have known.  See, e.g., Arnsberg v. United States., 757 F.2d 971,

22   981 (9th Cir. 1984) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)).  According to

23   Officer Meister's deposition testimony, before arresting Plaintiff for compounding a crime,

24   Meister consulted with Deputy District Attorney Cheryl Wilson. (Motion (#36), Meister Depo.,

25   Ex. B, p. 7).  In his discussion with Wilson, Meister described the circumstances of Plaintiff's

26   case and the documentary evidence Meister possessed.  Id.  Based on this information,

27   Wilson concluded that the elements of compounding a crime were met and advised Officer

28   Meister to proceed with his arrest of Plaintiff.  Id.  Officer Meister had no reason to doubt

1   Wilson's assessment of probable cause.  Indeed, as a general matter, "the Constitution does

2   not require officers to 'second-guess the legal assessments of trained lawyers.'"  KRL, 512

3   F.3d at 1189 (quoting Arnsberg, 757 F.2d at 981); see also Ortiz v. Van Auken, 887 F.2d 1366,

4   1370 (9th Cir. 1989) (police officer is entitled to rely on attorney in obtaining a search warrant

5   and not required to second-guess legal advice).  The District Attorney's advice demonstrates

6   that Officer Meister was objectively reasonable in arresting Plaintiff and that it was not clearly

7   established that his actions were unconstitutional.   Accordingly, Officer Meister is entitled to

8   qualified immunity as to Plaintiff's § 1983 claims.

9                                  **III.  CONCLUSION**

10          Accordingly,  IT IS HEREBY ORDERED that Officer Meister's Motion for Summary

11   Judgment (#36) is GRANTED.  The clerk of the court shall enter final judgment accordingly.

12          DATED: This 23rd day of January, 2009.

16                                      UNITED STATES DISTRICT JUDGE